

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TULANI WASHINGTON, §
 §
 Plaintiff, §
 §
VS. § NO. 4:18-CV-020-A
 §
TARRANT COUNTY, §
 §
 Defendant. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Tarrant County, Texas, to dismiss. The court, having considered the motion, the response of plaintiff, Tulani Washington, the reply, the record, and applicable authorities, finds that the motion should be granted in part.

I.

Plaintiff's Claims

On December 4, 2017, plaintiff filed her original petition in the District Court of Tarrant County, Texas, 48th Judicial District. Doc.[1] 1 at PageID 13.[2] On January 10, 2018, defendant filed its notice of removal, bringing the action before this court. By order signed February 13, 2018, the court ordered the parties to replead in keeping with the requirements of the

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

[2] The "PageID __" reference is to the number assigned to the page by the court's electronic filing system and appears at the top right portion of each page.

Federal Rules of Civil Procedure, Local Civil Rules of this court, and the requirements of the undersigned. Doc. 7.

On February 27, 2018, plaintiff filed her amended complaint. Doc. 8. In it she alleges: Plaintiff was employed by defendant in the district attorney's office and assigned to the domestic violence unit, prosecuting misdemeanor crimes. She was not promoted but other less qualified candidates were. Plaintiff resigned in January 2017 as a result of discriminatory treatment.

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and under chapter 21 the Texas Labor Code. Plaintiff says that she was discriminated against and "forced out" based on race and color.

II.

Grounds of the Motion

Defendant urges eight grounds in support of its motion to dismiss, worded as follows:

> 1. Plaintiff's claim of "failure to promote" based on "race" discrimination under Title VII is inadequately alleged to meet Rule 12(b)(6) standards.
> 2. Plaintiff's claim for "wrongful termination" and discrimination based on "color" under Title VII and the Texas Labor Code are barred for failure to comply with administrative exhaustion requirements to include such claims in Plaintiff's EEOC charge.
> 3. Plaintiff's Section 1983 claim against Tarrant County is subject to dismissal since Plaintiff has not met minimum pleading requirements, liability cannot be based on actions of non-policymaker/not following

2

policy and no separate statutory or constitutional right is alleged apart from the protections of Title VII.
4. Plaintiff's claim of "failure to promote" based on race discrimination under the Texas Labor Code is inadequately alleged to meet Rule 12(b)(6) standards since the state law employment claims are analyzed under the same requirements as Title VII.
5. Plaintiff's "color" discrimination and wrongful termination claims do not meet the 60 day deadline for filing suit under the Texas Labor Code since these grounds were not timely or sufficiently alleged in Plaintiff's state court suit.
6. Plaintiff cannot meet Title VII's 300 day deadline for filing EEOC charge on the basis of "color" discrimination and wrongful termination and therefore cannot comply with the administrative exhaustion requirement.
7. No federal cause of action or jurisdiction exists for a claim of alleged non-compliance with the Texas Public Information Act. (*Am. Compl.* ¶¶ 31-33) Furthermore, the Texas Attorney General determined that no violation occurred.
8. Plaintiff's claim for punitive damages against Tarrant County for alleged Title VII violations has no legal basis since punitive damages cannot be assessed against governmental entities.

Doc. 10 at 3.

III.

Applicable Legal Standards

A.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

3

notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of

public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B.  Rule 12(b)(1)

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection

Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

IV.

Analysis

Defendant first argues that plaintiff has failed to adequately allege facts to support a claim under Title VII because she did not set forth the job qualifications for the position she held and the position she sought. Doc. 10 at 6-7. Plaintiff has alleged that less-qualified co-workers of another race were promoted and she was not. She also made this allegation in her EEOC charge of discrimination. Doc. 11 at DA 07. Defendant has been put on notice of the facts supporting plaintiff's race discrimination claim.

Defendant next argues that plaintiff failed to exhaust her administrative remedies based on color and wrongful termination.[3] Plaintiff concedes that she did not administratively exhaust her wrongful termination claim. Doc. 12 at 4. She says, however, that

---

[3]This ground applies to both the Title VII and Labor Code claims. The parties recognize that the same analysis applies.

her EEOC charge that she was discriminated against based on race should be construed to include color. Id at 4-6. A determination of whether remedies have been exhausted turns of the scope of the EEOC investigation reasonably expected to result from the charge. Fine v. GAF Chem. Corp., 995 F.2d 576, 578 (5th Cir. 1993). Here, plaintiff clearly checked only the space for "race" and not the immediately adjacent space for "color" on her EEOC charge form. Doc. 11 at DA 04. In her description of her claims, plaintiff clearly refers to her race as black and says that non-black persons were promoted when she was not. Id. at DA 06-DA 07. She does not allege that lighter-skinned persons of the same race were promoted. Race and color are two distinct categories and plaintiff invoked only the race category. Gill v. Bank of Am. Corp., No. 2:15-CV-319-FtM-38CM, 2015 WL 4349935, at *3-*4 (M.D. Fla. July 14, 2015); Hunter v. Texas Energy Servs., L.P., No. 2:14-CV-142, 2014 WL 5426454, *3 (S.D. Tex. Oct. 23, 2014). She did not exhaust her administrative remedies as to her claims of discrimination based on wrongful termination and color.

Defendant says that plaintiff has not adequately stated a claim under 42 U.S.C. § 1983. The court agrees. Plaintiff has done nothing more than state in the "jurisdiction" section of her amended complaint that "[t]his action arises under Title VII . . . and 42 U.S.C. § 1983." Doc. 8 at 1, ¶ 3. The amended complaint

does not contain any other reference to § 1983. Rather, plaintiff sets forth only two counts, for discrimination under Title VII and for discrimination under the Texas Labor Code. Id. at 6-7.

Defendant urges that plaintiff did not timely file her claim for discrimination under the Texas Labor Code, which requires that suit must be filed within 60 days of the notice of right to sue. Tex. Labor Code § 21.254. Plaintiff says that she filed her petition in state court within 60 days' of receiving the notice of right to sue from the EEOC.[4] Doc. 12 at 6, n. 14. The envelope in which the notice of right to sue was delivered bears a postmark date of October 2, 2017. Doc. 13 at PA 1. Presumably, plaintiff received the letter within three days. Gamel v. Grant Prideco, L.P., 625 F. App'x 690, 694-95 (5th Cir. 2015). Her state court petition, filed December 2, 2017, appears to have been timely.[5]

Defendant says that plaintiff has not stated a claim under the Texas Public Information Act. Plaintiff says that she has not alleged, or attempted to allege, such a cause of action.

---

[4]The court questions whether the EEOC notice of right to sue is the triggering event under Tex. Labor Code § 21.254, but the parties do not address this issue. See Lottinger v. Shell Oil Co., 143 F. Supp. 2d 743, 753 (S.D. Tex. 2001).

[5]If this is not the case, defendant may pursue the matter by motion for summary judgment.

Finally, defendant urges that plaintiff cannot pursue claims for punitive damages. In response, plaintiff withdraws any claims for such damages.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted in part, and plaintiff's claims based on discrimination because of her color and wrongful termination, for violation of 42 U.S.C. § 1983, and for punitive damages be, and are hereby, dismissed.

SIGNED April 17, 2018.

_____
JOHN McBRYDE
United States District Judge